# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

                **Case No. 10-CR-39**

  -vs-

ALLEN D. BANKS and
CHRISTOPHER A. JOHNS,

     Defendant.

# DECISION AND ORDER

Magistrate Judge William E. Callahan, Jr. has recommended to this Court that the defendant, Allen D. Banks ("Banks") and Christopher A. Johns ("Johns")[1] motions to suppress and to dismiss the counts in the indictment along with a motion to strike certain paragraphs in the indictment be denied.

The Court has read the recommendation, defendants' challenges to it, and the government's response, and rules as follows.

The recommendation to deny Johns' and Banks' motions to dismiss the counts in the indictment is accepted by the Court. This Court also dismisses the motion to suppress as moot. The recommendation to deny Banks' motion to strike paragraphs 7 and 8 of count one is also accepted by the Court.

---

[1] Johns and Banks make the same objections and argue the same points except that only Johns brings a motion to suppress.

The thrust of Johns' and Banks' argument revolves around the case of *United States v. Key*, 859 F. 2d 1257 (7th Cir. 1988). The Court in *Key* used the following language: "[T]he essence of the offense under [18 U.S.C.] § 152 is the making of a materially false statement or oath with the intent to defraud the bankruptcy court." *Id.* at 1260. This Court agrees with that language, but reads that language in the broad way that the Court in *United States v. Gellene*, 182 F.3d 578 (7th Cir. 1999) did. In interpreting the language "with intent to defraud the bankruptcy court," the *Gellene* court, a case decided 11 years after *Key* (and indeed citing to *Key*) stated that § 152 was "Congress' attempt to criminalize *all the possible methods* by which a debtor or any other person may attempt to defeat the intent and effect of the Bankruptcy Code . . ." *Id.* at 586-87 (emphasis added). Indeed, to defraud the bankruptcy court is, as *Gellene* states, to "impact the integrity of the system" and any other view is a "parsimonious interpretation." *Id.* at 586. *Gellene* requires this Court to give § 152 the expansive reading argued for by the government.

Because the indictment in Counts Two and Four properly tracks the language of the statute, Johns' and Banks' motion as to those counts is dismissed. In addition, Johns' and Banks' objection to paragraphs 7 and 8 are dismissed.

With regard to Counts One and Three, Johns' and Banks' arguments meet the same fate. Giving these statutes a broad reading, as the Court must do, and agreeing with the government that 18 U.S.C. § 157(3) tracks the mail and wire fraud statutes (which is consistent with a broad reading of the Bankruptcy Code), the Court dismisses Johns' and Banks' objection to Count One.

As to Count Three and 18 U.S.C. § 1519, the same reasoning applies and the defendants' motion to dismiss this count is denied.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1.     The Recommendation of Magistrate William E. Callahan, Jr., is adopted;

2.     Johns' motion to suppress statements is **DENIED** as moot.

3.     The defendants' motion to dismiss Counts One, Two, Three, and Four of the indictment is **DENIED.**

4.     The defendants' motion to strike paragraphs 7 and 8 of Count One of the indictment is **DENIED.**

Dated at Milwaukee, Wisconsin, this 7th day of October, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**